[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on August 26, 1977 at Greenwich, Connecticut. The plaintiff has resided in the State of Connecticut since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-81 and 46b-82 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 14 years. Prior to their marriage the parties lived together for approximately 6 years. This is the second marriage for both parties.
The only asset in the marriage is the marital home located at 25 Birchwood Drive, Greenwich. The plaintiff has lived there since 1960, and has owned the home since 1966 when her first husband transferred his interest in the home to her. At the CT Page 5456 time of the parties' marriage in 1977, the home had been appraised for $150,000, subject to a first mortgage in the amount of $12,000. The plaintiff has continued to be the sole title owner of this real estate. The home was refinanced in 1977 and the first mortgage was increased to $60,000. The present balance of the first mortgage is $44,500 — approximately. The plaintiff received the benefit of the net proceeds from this refinancing.
The parties stipulated that the defendant paid $172,111 in mortgage payments, taxes, insurance, maintenance and repairs in connection with this real estate. In addition, the defendant claims he contributed between $22,000 and $25,000 in capital improvements during the six years the parties lived together. The defendant also claims additional contributions to the home which he made during the time the parties lived together and during the marriage.
Both parties worked during the course of the marriage. The plaintiff claims to have contributed approximately $188,430 for mortgage, taxes, Blue Cross, insurance, utilities, food, medical bills and other household expenses. The plaintiff's two minor children lived in the home during the marriage. The plaintiff's first husband did not contribute to the support of the two minor children on a regular basis during this time.
Both parties appear to have lived a life style beyond their means. Both parties appear to be in good health. The plaintiff is aged 56 and the defendant: is 55 years old. The plaintiff is presently collecting unemployment compensation. She hopes to obtain employment with her son-in-law in the near future.
The defendant's occupation is one of architectural renderer. Due to the downtrend in building and real estate, he is presently working as a limousine driver earning an average of $596.75 gross per week over the past four weeks.
The home has appreciated in value since the date of the marriage. The parties agreed, based on the real estate appraiser's report that the property has a current market value of $575,000. As previously indicated, the present mortgage is approximately $44,500.
Unfortunately, the parties were unable to resolve their differences. Sufficient evidence was presented for the court to make a finding of irretrievable breakdown. The court declines to assess fault to either party.
The court has carefully considered all the statutory CT Page 5457 criteria in reaching the decisions reflected in the orders that follow.
Arrears
The parties were at odds as to the arrears in the Pendente Lite orders. Both parties presented evidence and testimony concerning their respective claims. The court finds that the total arrearage owed by the defendant to the plaintiff is $5,981.
Real Property
The property located at 25 Birchwood Road, Greenwich, shall remain the sole property of the plaintiff. The plaintiff shall be solely responsible for the mortgage obligation thereon and shall hold the defendant harmless form any obligation in connection with said mortgage.
Alimony
No alimony is awarded to either party.
Property Division
1. By way of property settlement, the defendant is awarded a lump sum amount of $130,000 — reduced by the arrears as found by this court.
2. Said lump sum award shall be paid as follows:
(a) $15,000 within 45 days of date;
(b) $50,000 on or before February 1, 1992;
(c) balance on or before February 1, 1993;
3. In the event the plaintiff sells the real estate on or before February 1, 1993, the entire balance then due to the defendant shall be paid in full to the defendant.
4. The defendant's interest shall be secured by a mortgage on the real estate. Said mortgage shall be subordinate to any refinancing or Home Equity Loan the plaintiff may obtain to provide funds for the property settlement. The court notes there is in excess of $500,000 in equity in the real estate.
5. The payments under (a) above, $15,000, and (b) $50,000 — on or before February 1, 1992 shall be payable without interest provided they are paid when due. With respect to the final payment under (c), above, due on or before February CT Page 5458 1, 1993, interest shall run at the rate of 6% per annum commencing September 1, 1992 until the balance is paid in full.
6. The defendant shall vacate the premises within 45 days of date or upon his receipt of the payment of $15,000 — whichever occurs first.
7. Commencing June 7, 1991, during the time the defendant remains in the marital home he shall contribute the sum of $175 per week for his living expenses to the plaintiff.
Personal Property
1. The defendant shall be entitled to the two (2) Turkish style rugs and the runner the horse painting; the naval scene painting; the two (2) lithograph prints; and the Panamanian San Blase Islands Mollas.
2. The plaintiff shall be entitled to the remaining furniture and furnishings contained in the marital home.
Debts
Each party shall be responsible for their respective debts as shown on their respective financial affidavits.
Counsel Fees
No counsel fees are awarded to either party.
Change of Name
The plaintiff is granted a change of name to Nancy Young.
COPPETO, J.